**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIE C. McCALL, #R5897** | § | **PETITIONER** |
| | § | |
| **VERSUS** | § | **CIVIL ACTION NO. 1:03cv630-DMR-JMR** |
| | § | |
| **MICHAEL A. WILSON and** | § | |
| **MIKE MOORE** | § | **RESPONDENTS** |

## ORDER DISMISSING PETITION WITH PREJUDICE

BEFORE THE COURT is the Petition of Willie C. McCall, #R5897, seeking a Writ of

Habeas Corpus pursuant to 28 U.S.C. §2254. And the Court, having carefully considered said

motion, the petition, and the record before it, as well as the applicable case law, is of the opinion

that the grounds sought in the petition are not well taken and the Petition should be dismissed on

all grounds with prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Petitioner McCall is lawfully in the custody of Ron King, Superintendent of the

South Mississippi Correctional Facility at Leakesville, Mississippi, after being convicted of

capital murder in the Circuit Court of the First Judicial District of Harrison County,

Mississippi. By "Final Judgment 3rd Day" filed July 31, 1998[1], petitioner was sentenced

to a term of life imprisonment (by the trial judge when the jury was unable to agree on the

punishment) in the custody of the Mississippi Department of Corrections[2].

---

[1]Although McCall was sentenced on July 30, 1998, the "Final Judgment 3rd Day" was not
actually filed of record until July 31, 1998 [Court record, Vol. 1 of 5, p. 97, pp. 105-06.].

[2]The jury returned a verdict of "not guilty" to Count II, aggravated assault [Court record,
Vol. 1 of 5, p. 101].

Thereafter, petitioner (through counsel) appealed his judgment of conviction and

sentence to the Mississippi Supreme Court, assigning as error the following:

> The jury verdict is against the overwhelming weight of the
> evidence and evinces bias and prejudice on the part of the
> jury.
>> a.  The court room identification by the
>> victim's wife is not credible because McCall
>> was the only black man present at counsel
>> tables.
>>
>> b.  The statements of McCall should have been
>> given no weight by the jury because they were
>> the product of police intimidation, coercion and
>> brutality.
>>
>> c.  There was absolutely no physical evidence
>> to connect McCall to the crime scene.

On September 14, 2000, the Mississippi Supreme Court affirmed petitioner's judgment

of conviction and sentence in a written opinion. *See McCall v. State*, 771 So.2d 904

(Miss. 2000), Exhibit A to Respondents' Answer [Doc. No. 9], *reh'g denied,* Cause No.

1998-KA-01732-SCT (December 7, 2000).[3]

---

[3]The Court notes that the original Petition filed on July 8, 2003 [Doc. No. 1] and
Amended Petition filed on August 22, 2003 [Doc. No. 3] named only Michael A. Wilson as a
Respondent; however, a subsequent pleading filed by the Petitioner on October 10, 2003 [Doc.
No. 6] included  then Attorney General Mike Moore as a Respondent, and when the Answer was
filed by Mike Moore on behalf of  Respondent Michael A. Wilson on December 9, 2003 [Doc.
No. 9], the pleading included Mike Moore as a named Respondent; as such, the Court addresses
both Wilson and Moore as Respondents.

On April 19, 2001, petitioner filed a "Motion For Post-conviction Collateral

Relief To Vacate And Set Aside Conviction And Sentence" in the Mississippi Supreme

Court, alleging the following, as stated by McCall:

> A.  Petitioner's U. S. Fourth Amendment Constitutional right
> was violated when authorities did not meet the standard of
> probable cause required by that Amendment.
>
> B.  Petitioner's U. S. Sixth Amendment Constitutional Right
> was violated by counsel's ineffectiveness at not investigating
> petitioner's arrest and notice that he was illegally detained.
>
> C.  Petitioner's was denied his constitutionally guaranteed
> right to effective assistance of counsel when his attorney
> failed to investigate and present substantial mitigating
> evidence during sentencing phase of capitol [sic] murder
> trial, and present substantial evidence to the sentencing jury
> was either "contrary to, or involved an unreasonable
> application of, that established law."
>
> D.  Petitioner assert he is entitled to an evidentiary hearing
> on his claims of prosecutorial misconduct.
>
> E.  Failure to grant requested juror instruction was reversal
> error, whether reversal and remand is necessary as it was
> unclear whether jury based conviction for capitol [sic]
> murder upon mistaken of law or premissible [sic] conclusion
> for which proper jury instruction form had not been offered.
>
> F.  Whether the in court identifying of petitioner were
> "suggested and tanted [sic] by Prosecutorial Steve Simpson,
> required automatic reversal of conviction and sentence, and
> post-conviction relief despite procedural bar from counsel
> failure to preserve it on appeal."
>
> G.  Whether there were cumulative errors requiring reversal
> of this case.

On May 28, 2002, the Mississippi Supreme Court denied McCall's motion for post-conviction relief. *See* Exhibit B to Respondents' Answer [Doc. No. 9] (Order in Cause No. 2001- 0642). The Order stated: "The panel finds that the application fails to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5)." *Id.* Thereafter, on November 1, 2002, McCall filed a "Petition For Writ Of Habeas, Alternative For Discretionary Review." However, on March 20, 2003, the Mississippi Supreme Court found that McCall had previously filed for post-conviction relief; therefore, the second motion was barred as a successive writ pursuant to Miss. Code Ann. § 99-39-27(9). *See* Exhibit C to Respondents' Answer.

## II. LEGAL ANALYSIS

A. Petition for Habeas Relief and Petitioner's failure to properly present claims

A review of the federal habeas petition before the Court reflects that Petitioner McCall raises claims in his federal habeas petition which have never been presented to the state's highest court in a procedurally proper manner; when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995). *See also Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule). State prisoners are required "to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839, 847 (1999); *see also Kessler v. Moore*, 2005 WL

1593940, *4, *5 (S. D. Miss); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) (an

inmate's failure to present claims to the proper state court creates a procedural default

for purposes of federal habeas review).  In *Sones*, the Fifth Circuit stated:

> When, however, state remedies are rendered unavailable by the petitioner's
> own procedural default, federal courts are barred from reviewing those
> claims.  As the Supreme Court stated in *Coleman v. Thompson*, 501 U.S.
> 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)
>
>> "[I]f the petitioner failed to exhaust state remedies and the
>> court to which petitioner would be required to present his
>> claims in order to meet the exhaustion requirement would
>> now find the claims procedurally barred, . . . [then] there is a
>> procedural default for purposes of federal habeas . . ."  *Id*. at
>> 735 n.1, 111 S.Ct. at 2557 n.1."

*Sones v. Hargett*, 61 F.3d at 416.  When "it is obvious that the unexhausted claim would

be procedurally barred in state court, we will forego the needless 'judicial ping-pong'

and hold the claim procedurally barred from habeas review."  *Sones, supra*, quoting

*Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993).  By failing to properly raise

Ground Three[4] (ineffective assistance of appellate counsel for failure to raise four

---

[4] McCall raised two grounds of ineffective assistance of counsel in his state post-conviction motion – failure to investigate and present mitigating evidence at sentencing and failure to investigate defendant's arrest and notice that he was illegally detained.  However, these exhausted issues are not the ones McCall has chosen to present to this federal habeas court.  "The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition."  *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) *citing Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).  As a further note, of the two issues of ineffectiveness actually brought in state court, the Mississippi Supreme Court found that McCall failed to made a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5).  The Mississippi appellate courts regularly and routinely follow the dictates of *Strickland v. Washington*, 466 U.S. 668,  104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as to the appropriate standard to apply when considering a claim of

grounds on appeal – trial court error, prosecutorial misconduct, insufficiency of evidence and ineffective assistance of counsel) and Ground Four (appellate counsel's conflict of interest for attempting to file a *Killingsworth* brief[5]) in the application for post-conviction relief,[6] McCall has failed to proceed in a proper procedural manner.  "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would not find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."  *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).        The Respondents submit that McCall failed to properly raise the issues either at trial, on direct appeal or on post-conviction motion; the Mississippi appellate courts strictly and regularly follow the waiver/procedural rule, and the burden is on McCall to demonstrate otherwise. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Sones v. Hargett*, 61 F.3d at 416; *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). Accordingly, McCall has thus

---

ineffective assistance of counsel, that is: To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test set out in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance.  *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review).  A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim.  *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

[5]*See Killingsworth v. State*, 490 So.2d 849 (Miss. 1986), as reviewed in *Hughes v. Booker*, 220 F.3d 346, 351-52 (2000).

[6] Furthermore, McCall was given an opportunity by the Mississippi Supreme Court to file a *pro se* brief in which he could "file any comment or raise any additional issues."  *See* Exhibit D to Respondents' Answer.

defaulted Ground Three and Ground Four of the petition, and this Court is now precluded from reviewing the stated claims.

Further, McCall cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of the claims despite the procedural bar because no external impediment existed to prevent him from raising and discussing this claim properly as a ground for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). McCall made no attempt whatsoever to raise the claims in order to give the state's highest court an opportunity to review his claims. Therefore, absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Furthermore, there will be no "fundamental miscarriage of justice" if McCall's claims are not heard on the merits. The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). McCall cannot meet this standard because he has failed to assert or offer, with any credible evidence, that he is actually innocent of the crime for which he was convicted and sentenced. The Court is of the opinion that the facts of the instant case fall short of establishing that a fundamental miscarriage of justice will result if McCall's claims are not considered on the merits.

Moreover, the facts of the claims in Ground Five (insufficiency of the evidence) were reviewed by the Mississippi Supreme Court on direct appeal, and the issues were denied on the merits.  Further, the facts of the claims in Ground One (prosecutorial misconduct of suggestive identification) and Ground Two (trial court error in failing to instruct on the elements of robbery)[7] were reviewed by the Mississippi Supreme Court on application for post-conviction relief and were denied on the merits.  As a result, under the Antiterrorism and Effective Death Penalty Act of 1996, and because these issues were decided on the merits, habeas relief cannot be granted with respect to these grounds.  28 U.S.C. § 2254(d) and § 2254(e)(1).  28 U.S.C. § 2254(d) provides:

> (D)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The first exception, subsection (d)(1) applies to questions of law or to mixed questions of fact and law.  *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000).  The second exception, subsection (d)(2), applies to questions of fact.  *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997).  The claims raised in this petition are mixed questions of law and fact.

---

[7] This Court agrees with Respondents who have noted that the claims in Ground One and Ground Two seem to be intermingled and overlapping at times.

Therefore, subsection (1) of § 2254(d) governs the claims and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts.  The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than a *de novo* review.  *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997).  Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct.  *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court concluded that §2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."  *Id.* at 1523.  A state court's decision is "contrary to" federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts."  *Id.* at 1523.  A state court's decision involves an "unreasonable application of" federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies the principle to facts of the prisoner's case; this application of law to facts mut be objectively unreasonable.  *Id.* at 1521.

Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*.  *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Penry v. Johnson*, 215 F.3d 504, 507-09 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

 B. Petitioner's claims reviewed on the merits

 Although this Court is of the opinion that McCall has failed to meet this burden and this Court would be barred from reviewing issues already decided on the merits, under § 2254(d)(2), grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. Because the state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence.  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C.  § 2254(e)(1).

 In Ground One, McCall complains that there was prosecutorial misconduct by the suggestive identification of McCall by witness Darlene Allen, wife of the victim.  While the jury was out, Ms. Allen made a courtroom identification of Willie McCall.  Ms. Allen testified that she was able to correctly identify McCall as the individual who put a

gun to her head the night her husband was killed.  State Court Record, Vol. 4, p. 365-66.

The witness testified:

> I was only a few inches away from his face whenever
> he had the gun pointed at my forehead.  I was looking
> straight at him.  There was a light underneath the eaves.
> There was light from the bedroom.  He was standing right in
> the doorway.

*Id*. at 370.  Previously for the police, Ms. Allen had described her assailant as a "young

black male, thin.  He was wearing baseball cap.  It was turned around."  S.C.R. p. 369.

After the jury returned, Ms. Allen again positively identified McCall as her assailant.  *Id*.

at 374, 385-86.  *See also* p. 383.  She had not been shown any photographs of McCall,

nor had she viewed a lineup.  *Id*. at 372-73.  Ms. Allen was sure McCall was the one

who pointed the gun at her because the last thing she wanted was to implicate an

innocent person.  *Id*. at 370.  Furthermore, the Mississippi Supreme Court considered

the issue of identification as part of the sufficiency of evidence claim and found no

error.  *See infra*, pp. 16-18.  The same appellate court reviewed the instant particular

issue on motion for post-conviction relief and found that it failed to make a substantial

showing of the denial of a state or federal right pursuant to Miss. Code Ann. § 99-39-

27(5).

The standard for granting habeas relief due to prosecutorial misconduct is, "the

narrow one of due process, and not the broad exercise of supervisory power."  *Darden v.*

*Wainwright*, 477 U.S. 168, 181 (1986).  "For [McCall] to establish that his right to the

due process of law has been violated he must show that the actions of the prosecutor so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001). *See also Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Dowthitt v. Johnson*, 230 F.3d 733 (5th Cir. 2000). McCall's allegations fall far short of meeting this standard. Therefore, the Mississippi Supreme Court's resolution of the issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

In Ground Two, McCall argues that he was denied due process because the government failed to sustain its burden of proof. Said another way, McCall complains that the trial court failed to give a robbery instruction in a capital murder case which stated the elements of the underlying felony. Generally, challenges to jury instructions may not form a basis for federal habeas corpus relief. *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19, 124 L.Ed.2d 306, 318 (1993); *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). In reviewing challenged jury instructions under § 2254, the Supreme Court has directed that "'[t]he only question ... is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Hughes v. Johnson,* 191 F.3d 607, 627-28 (5th Cir. 1999) citing *Weeks v. Scott,* 55 F.3d 1059, 1065 (5th Cir.1995) (quoting *Estelle v. McGuire,* 502 U.S. at 72). "It is well-established that the

instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Id.* citing *McGuire,* 502 U.S. at 72, 112 S.Ct. 475.   "In examining habeas claims of improper jury instructions, the "'inquiry is not whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional magnitude.'" *Galvan v. Cockrell,* 293 F.2d 760, 764-65 (5th Cir. 2002)(citing *Sullivan v. Blackburn,* 804 F.2d 885, 887 (5th Cir.1986)).  The question for the court to address is "whether there is a 'reasonable likelihood' that the jury applied the challenged instruction in a 'way that violates the Constitution.'" *Hughes,* 191 F.3d at 627-628 (citations omitted); *see also Mayabb v. Johnson*, 168 F.3d 863 (5th Cir. 1999) ("A petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process.").

For habeas review, the relevant inquiry is "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned.'" *Johnson v. Puckett,* 176 F.3d 809, 824-25 (5th Cir. 1999) (quoting *Kinnamon v Scott,* 33 F.3d 462 (5th Cir. 1994)); *see also Bradley v. Wainwright,* 561 F.2d 1200, 1202 (5th Cir. 1977).  "Moreover, there is a strong presumption that errors in jury instructions are subject to harmless-error analysis.  Thus, even if the instruction was erroneous, if the error is harmless, habeas corpus relief is not warranted." *Galvan,* 290

F.3d at 764-65 (citing *Brecht v. Abrahamson,* 507 U.S. 619, 623-24, 113 S.Ct. 1710, 123

L.Ed.2d 353 (1993).  For purposes of a habeas proceeding, "a constitutional error is not

harmless if it 'had substantial and injurious effect or influence in determining the jury's

verdict.'" *Id.* (citation omitted).

McCall complains the trial court failed to give a proper instruction but this Court

disagrees.  Jury Instruction C-50 (Clerk's Papers, p. 79) specifically covers all the

elements of armed robbery and was given without objection.  S.C.R., Vol. 5, p. 462.  If

there is no objection, the issue is barred on appeal.  *See Howell v. State*, 800 So.2d 556,

559 (¶ 5) (Miss. App. 2001).  Further, Jury Instruction S-2 (Clerk's Papers, p. 83) lists

the basic elements of capital murder with robbery as the underlying felony and was

given without objection.  S.C.R., Vol. 5, p. 462.  Considering both instructions together,

as a jury must do, the jury was properly instructed as to the elements of the crimes.  *See*

*Robertson v. State*, 838 So.2d 298, 304 (¶ 21) (Miss. App. 2002) ("Jury instructions are

to be read together and taken as a whole with no one instruction taken out of context.");

*Humphrey v. State*, 759 So.2d 368 (¶ 33) (Miss. 2000) (same); *Taylor v. State*, 836 So.2d

774 (¶ 26) (Miss. App. 2002) ("Jury instructions are to be read as a whole."); *Kelly v.*

*State*, 838 So.2d 314 (¶ 18) (Miss. App. 2002) (same).  Therefore, the Mississippi

Supreme Court's resolution of the issue was not contrary to clearly established federal

law, nor did it involve an unreasonable application of clearly established federal law as

determined by the Supreme Court of the United States.

In Ground Five, McCall contends that the evidence was insufficient to sustain a conviction of guilt.  Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).  This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983).  The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

After reviewing the appropriate legal standards concerning challenges to the sufficiency of the evidence, the Mississippi Supreme Court addressed the courtroom identification issue as follows:

> The evidence presented at trial indicates nothing that would compel a fairminded jury to disregard Allen's identification, for: (1) when McCall told Allen that he was going to kill her, she looked straight into his face and told him to do so; (2) her testimony was firm and definite when she identified McCall as the person who struck and threatened to kill her; and (3) McCall's confession fully corroborated her testimony.  With this evidence before the jury, we find no support for McCall's argument that the jury disregarded the instructions of the court.

*McCall v. State,* 771 So.2d at 906, ¶ 8.  Further, the Court held that McCall did nothing to prevent a suggestive identification forum, *i.e,* "he did not request others to be seated at the counsel table with him, or request to be seated elsewhere in the courtroom among others of his race or appearance, nor did he request a pre-trial test of the identification."  *Id*. at ¶ 9.  McCall was also given the opportunity to cross-examine Allen at trial.  *See* State Court Record, pp. 379-385.  The appellate court also determined that McCall admitted that the jury was adequately instructed.

McCall also attacked his confession as an evidentiary basis for the jury verdict, but failed to challenge the admissibility of the confessions on appeal.  The appellate court noted that McCall only maintained that the jury ignored the trial court's instruction concerning the confession.  Finding no merit to the argument, the court stated:

> The trial court properly instructed the jury that unless it believed beyond a reasonable doubt that the alleged confession was truthful and made by McCall of his own freewill, not extorted by threat of harm or promise of benefit, the jury was to disregard the confession.  It was for the jury to determine whether to believe the confessions put into evidence.  *Lee v. State*, 457 So.2d 920, 922 (Miss. 1984).  There are no grounds here to permit the conclusion that no rational juror could have believed that the confessions were coerced.

*McCall v. State*, 771 So.2d at 907, ¶ 11.  The Mississippi Supreme Court concluded that there was substantial evidence in the record to support the jury's verdict, and affirmed the judgment of the lower court.  *Id*., at ¶ 12.

The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *see also Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . it's determination is entitled to great deference."). McCall has presented nothing in this habeas proceeding to overcome the deference afforded to the state appellate court's decision. That is to say, McCall has failed to prove that the state court decision was an unreasonable application of law to the facts. *See Williams v. Taylor, supra.* Therefore, McCall is not entitled to relief based on his claim in Ground Five of the instant petition.

McCall has presented nothing in this habeas proceeding to overcome the deference afforded to the state appellate court's decision. Further, McCall has failed to prove that the state court decision was contrary to or an unreasonable application of law to the facts. *See Williams v. Taylor, supra.* Therefore, McCall is not entitled to relief based on his claims in Ground One, Ground Two and Ground Five of the instant petition.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition and Amended Petition of Willie C. McCall, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the ___14th___ day of September, 2006.


/S/  **DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**